SALLY A. HELFAER et al., Respondents, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, et al., Defendant.

Fourth Department, May 16, 1968.

*Ohlin, Damon, Morey, Sawyer & Moot (James S. McAskill* of counsel), for appellant.

*Boniello, Gellman, McNulty, Halpern, Anton & Kellick (Harold M. Halpern* of counsel), for respondents.

DEL VECCHIO, J. This is an appeal from an order pursuant to CPLR 3212 which struck out the answer of defendant insurance company and granted summary judgment for plaintiff, after the assessment of damages, in an action on an insurance policy alleged to have been issued on the life of Bertram M. Helfaer, which in fact was issued to United Funds, Inc.

On May 8, 1964 Helfaer, who was a physician, made an application to United Funds, Inc. for the purchase and the ultimate issuance of shares of the plan in consideration of monthly payments of $100, together with an initial payment of $500, aggregating $10,000. The application indicated that the purchase was to be accompanied by insurance, if available, upon the life of the applicant, the purpose of which was to satisfy the obligation of Dr. Helfaer's estate for the balance of payments due to United Funds in the event of his death. Attached to the application for the investment plan was a form entitled "Life Insurance Information For Periodic Investment Plan With

Insurance ", which was completed and signed by Dr. Helfaer. It contained a statement that he had not had any ailment, injury or disease within the last five years which kept him away from work more than 10 consecutive days, and that to the best of his knowledge and belief he was then in good health. He also represented that the statements on the form were true and should be the basis for the issuance of insurance on his life under a Group Creditor Life Insurance Policy. (The plan itself recited that arrangements had already been made with a life insurance company for insurance on the life of the plan-holder under a group form of policy, provided he was accept-able to the insurer.) In fact, Dr. Helfaer's statements as to no 10-day absence from work by reason of ailment, injury or disease during the preceding 5 years and his good health were untrue. Undisputed hospital records submitted in opposi-tion to plaintiff's motion for summary judgment, together with an affidavit by the doctor's office nurse, reveal that between 1961 and June, 1964 he had been hospitalized four times and had been twice away from his work for more than 10 consecutive days by reason of lymphosarcoma.

That condition precipitated his death on May 27, 1965, approximately a year after his fund application.

In this action to recover benefits under the group creditor life insurance policy issued by defendant John Hancock to United Funds, defendant admitted that Dr. Helfaer became insured under the policy on or about May 8, 1964 but disclaimed liability upon the ground that the afore-mentioned misrepre-sentations were material and that the insurance was void and unenforcible by reason thereof. Special Term has granted summary judgment, striking out the defense of misrepresen-tation upon the ground· that the application containing the false statements was not attached to the policy as required by subdivision 1 of section 142 of the Insurance Law and that a copy thereof was not furnished to the insured or his beneficiary pursuant to paragraph (a) of subdivision 1 of section 161 of the Insurance Law.

We are satisfied, as are the minority Justices, that subdivi-sion 1 of section 142 of the Insurance Law has no application to the present situation. The master group life insurance pol-icy under which Dr. Helfaer was covered was issued to United Funds on February 2, 1954 — more than 10 years before the execution of the application by the deceased. Since the appli-cation was not even in existence at the time of the issuance of the policy, it is obvious that the requirement of subdivision 1 of section 142 — that the application be attached to the policy

when issued — is inapposite. As was recently said in *Cutler* v. *Hartford Life Ins. Co.* (28 A D 2d 730, 731): " This provision is inapplicable both literally and under the historical purpose of the statute " to a group life insurance plan.

We are also satisfied that the requirement of paragraph (a) of subdivision 1 of section 161 of the Insurance Law — which provides that in contesting the validity of insurance a statement relating to the insurability of the person insured must be contained in a written instrument, signed by such person, a copy of which must have been furnished to the person insured or to his beneficiary — has been complied with. It is undisputed that a copy of the insurance information form signed by Dr. Helfaer and containing the misrepresentations relied upon by the company to void the policy was delivered by the latter to United Funds, although no copy was delivered to Dr. Helfaer.

In an arrangement of this kind, involving group creditor life insurance payable to the creditor, the creditor is deemed the policyholder (Insurance Law, § 204, subd. 1, par. [c]) and is the beneficiary to which a copy of the planholder's statement may be delivered under paragraph (a) of subdivision 1 of section 161 of the Insurance Law. (*Robins* v. *John Hancock Mut. Life Ins. Co.*, 27 A D 2d 188, app. withdrawn 20 N Y 2d 772; *Cutler* v. *Hartford Life Ins. Co., supra.*) The master policy was issued to United Funds with which the insurer contracted. The application for the fund with insurance executed by Dr. Helfaer did not designate any beneficiary other than United Funds, and in fact the arrangement of insurance protection for the expressed purpose of satisfying a deceased planholder's estate's liability for remaining payments to the fund did not contemplate any beneficiary but the fund, to which the insurance proceeds were to be paid in satisfaction of the obligation for uncompleted payments.

The minority has concluded that the insurer was required to furnish a copy of the application form to the planholder by virtue of the statement printed on the insurance information portion of the application that " A copy of this form will be returned to you upon acceptance of your Plan." This argument has not been urged by respondent either in this court or at Special Term. If we regard the quoted statement as an enlargement of the obligation imposed on the insurer by paragraph (a) of subdivision 1 of section 161 of the Insurance Law — which we are not required to decide in this action — nevertheless the obligation has been fulfilled by delivery of a copy of the application to United Funds as agent of the planholder. The plan contains provisions which obviously made United Funds the agent

of the planholders for securing and maintaining life insurance upon the latter. It provides that deductions shall be made from the initial and subsequent monthly payments to the plan in the amount necessary for payment of insurance premiums and such amount shall be remitted to the insurance company, and that the fund may, in its sole discretion, arrange to substitute another insurance company and policy for that in effect at the time of issuance of the plan. So far as appears, all dealings between the insurer and the planholder were carried on by and through the latter's agent, United Funds. The planholder received neither a copy of his application nor of the master policy itself; both of these were delivered by the insurer to and retained by the fund as beneficiary and agent of the planholder. Delivery to the agent constituted delivery to the principal and effected performance of any duty imposed by the statement on the life insurance information form.

Summary judgment should be granted in favor of defendant insurance company.

MARSH, J. (dissenting.) The plaintiff asserts that the defendant insurance company in this action to recover the proceeds of a group life policy cannot use the defense of any material misrepresentation that deceased insured made in his health statement filed with his application for an investment plan with insurance because his health statement was not returned to him or his beneficiary as required by section 142 and paragraph (a) of subdivision 1 of section 161 of the Insurance Law. Section 142 would not appear to apply as the master group policy was issued to United Funds, Inc. and not to the insured. Paragraph (a) of subdivision 1 of section 161 does apply if United Funds, Inc., is not construed to be a beneficiary within the meaning of paragraph (a) of subdivision 1 of section 161, which it would appear it is not. However, it is not necessary to construe these statutes because contractual provisions of the policy itself are decisive of the issue without reading into the policy any statutory mandate.

The group life insurance policy between defendant John Hancock Mutual Life Ins. Co. and United Funds, Inc., provides: " Entire Contract. This policy, the application of the Creditor, a copy of which is attached hereto and made a part hereof, the Life Insurance Information portion, only, of the application for the United Periodic Investment Plan with insurance of the Debtors, and the Insurer's forms of Individual Statement with Health Certificate signed by the Debtor, and Statements to Medical Examiner in the application for insurance to the Insurer signed by the Debtor, if any, shall constitute the entire contract."

The life insurance information portion of the deceased's application form for the United Periodic Investment Plan with insurance contains the alleged misrepresentation which the insurer wishes to use as a defense to avoid payment of the proceeds of the policy. This insurance information portion of the application is signed by the deceased insured. The very last sentence of the insurance information portion prior to the signature of the deceased which is in brackets and italicized states: " A copy of this form will be returned to you upon acceptance of your Plan." The insurance information portion of the application for the Periodic Investment Plan with insurance is made a part of the policy issued by John Hancock to United Funds, Inc., by the policy language quoted above. Thus John Hancock has agreed by incorporation of this health statement to return a copy of such health statement to the deceased insured. It is conceded by the insurer that it failed to do so.

The defendant insurer having failed to discharge its contractual obligation under the policy to return to the insured planholder a copy of the life insurance information portion of the application, upon its approval of the application, thus denying the applicant an opportunity to correct any misrepresentation in the application, it cannot now avail itself of any alleged misrepresentation in the application as a defense to plaintiff's claims under the policy.

The statement in the information form itself evidences the insurer's interpretation of paragraph (a) of subdivision 1 of section 161 as obligating it to deliver a copy of the health statement to the insured.

Because the policy provides for payment to United Funds, Inc. upon the death of an insured of all installments due the fund remaining unpaid at the insured's date of death, the judgment should be modified so as to provide for the recovery of the amount of the judgment by defendant United Funds, Inc. of the defendant John Hancock Mutual Life Insurance Co. and the employment of the proceeds of such judgment by the defendant United Funds, Inc. in full discharge of the obligation of the estate of the decedent insured to defendant United Funds, Inc. for the unpaid balance of the plan.

WILLIAMS, P. J., and HENRY, J., concur with DEL VECCHIO, J.; MARSH, J., dissents and votes to modify the judgment, and, as modified, affirm, in opinion in which GOLDMAN, J., concurs.

Judgment and order reversed, on the law and facts, plaintiffs' motion for summary judgment denied and summary judgment granted to defendant John Hancock Mutual Life Insurance Company, all without costs.